UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|   |   |   |
|---|---|---|
| In re | ) | |
| | ) | |
| JANICE SARAFOGLOU, | ) | Chapter 7 |
| | ) | Case No. 08-18418 |
| Debtor | ) | |
| | ) | |

**MEMORANDUM OF DECISION ON TRUSTEE'S MOTION
TO HOLD DEBTOR IN CIVIL CONTEMPT AND TO SANCTION DEBTOR**

By the motion before the Court, the chapter 7 trustee, Warren Agin ("the Trustee"), seeks an order holding debtor Janice Sarafoglou ("the Debtor") in civil contempt for her failure to comply timely with an order of the court.  The order, issued January 26, 2010, required her to turnover $3,964.79 to the Trustee on or before February 18, 2011.  On April 29, 2010, when this motion was filed, the Debtor had paid the Trustee only $1,500.  The Debtor finally completed payment of the balance on June 24, 2010.  Therefore, insofar as the present motion originally sought an order compelling compliance, it is now moot, but the motion also seeks related relief:  attorney's fees for the cost to the Trustee of bringing the motion, which costs were occasioned by the alleged contempt; and denial of any claim of exemption as to the funds turned over.  As to these demands, the motion is not moot and was the subject of an evidentiary hearing held in conjunction with the trial of a related adversary proceeding.

**FINDINGS OF FACT**

In the schedule of personal property she filed in this case, the Debtor knowingly and fraudulently failed to disclose a bank account in her name.  When the Trustee learned of this account, he made demand on the Debtor for turnover of the amount

therein on the date of the bankruptcy filing, $3,964.79, and, when the funds were not forthcoming, moved for an order requiring turnover of this sum within ten days of the order. The Debtor did not respond to the motion, whereupon the Court, on January 26, 2010, entered an order requiring her to turnover $3,964.79 to the Trustee on or before February 18, 2011.

The Debtor knew of the order and understood what it required. She also had the funds available to satisfy the order during the period between its entry and the date by which it required turnover. However, with some justification, she believed herself unable to pay the sum in full by the deadline and, at the same time, still meet other basic living expenses for herself and her family. She contacted the Trustee to try to work out a payment plan, but they could not agree, and, in any event, she never sought relief from the order. During this period, she also faced serious health issues. She paid $1500 to the Trustee on March 1 and the balance no later than June 24, 2010.

The Debtor has not filed a claim of exemption as to the funds. She has been denied a discharge for her knowing and fraudulent false representations on her schedules and statement of financial affairs, including her failure to disclose timely the account whose monies were the subject of the turnover order that gave rise to the present motion and its accurate balance.

**DISCUSSION**

By virtue of 11 U.S.C. § 105(a),[1] a bankruptcy court has subject matter jurisdiction to employ civil contempt to enforce its orders. *Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439, 445 (1st Cir. 2000) (§ 105 provides a bankruptcy court with contempt power to enforce the discharge injunction). The contempt power conferred by

---

[1] Section 105(a) provides: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

§ 105(a) includes the power to compensate the injured party for losses sustained. *Id.* at 445 (recognizing that bankruptcy courts have appropriately used their contempt power to award actual damages and attorney's fees); *Eck v. Dodge Chemical Co. (In re Power Recovery Systems, Inc.)*, 950 F.2d 978, 802 (1st Cir. 1991) ("sanctions in a civil contempt proceeding are employed . . . where appropriate, to compensate the harmed party for losses sustained").

Contempt must be proven by clear and convincing evidence.[2] In order to establish contempt of an order, such as would justify a sanction in the form of compensatory damages and attorney's fees, the Trustee must prove that the alleged contemnor committed an act that violated the order with general intent to commit the act and with knowledge of the order at issue.[3] Due process further requires that the order in question be clear and unambiguous as to what it requires.[4] However, neither specific intent to violate the order nor bad faith is required.[5]

By virtue of her knowledge of the order and its requirements, her ability to comply, her decision not to use the funds at her disposal to comply, and her failure to timely comply, the Debtor was in contempt of the order from February 18, 2010 through

---

[2] *Langton v. Johnson*, 928 F.2d 1206, 1220 (1st Cir. 1991) ("a complainant must prove civil contempt by clear and convincing evidence"); *In re Dunn*, 324 B.R. 175, 179 (D. Mass. 2005) (clear and convincing standard for contempt applies in bankruptcy discharge context); *In re Parker*, 334 B.R. 529 (Bankr. D. Mass. 2005) (same).

[3] *McDonald v. Norwest Financial, Inc. (In re McDonald)*, 265 B.R.3, 9 (Bankr. D. Mass 2001) (*prima facie* claim for contempt of discharge requires pleading that defendant knew of discharge order and intentionally engaged in conduct that violated it); *In re Singleton*, 269 B.R. 270, 275 (Bankr. D. Mass. 2001) (same), *rev'd on other grounds,* 284 B.R. 322 (D.R.I. 2002).

[4] *Dunn*, 324 B.R. at 179, and cases cited.

[5] *Pratt*, 462 F.3d at 20-21 (conduct violated discharge notwithstanding absence of bad faith); *McDonald*, 265 B.R. at 9 (state of mind or intent to violate the discharge is not a consideration for civil contempt).

3

June 24, 2010. Therefore, the Court may award sanctions for this contempt. The form and extent of the sanction are left to the discretion of the court.

Despite the Debtor's contempt, the Court is satisfied for the following reasons that no further recovery from the Debtor is required. First, the Debtor has already in this case been sanctioned by denial of discharge for her failure to disclose this account (among other things). This sanction is severe, and it results in a continuing obligation to her unsecured creditors, all of whom were affected by the tardiness of her turnover and the accrual of administrative expenses it occasioned. Second, the Debtor did turnover the funds in full, and by the time the Trustee filed his contempt motion, she had already turned over $1500. Though she complied too slowly, she at least was trying to and did comply. Third, had they been timely raised in opposition to the motion to compel turnover, her health and financial circumstances might have resulted in a more accommodating order of turnover. I do not excuse her for not raising them timely and not complying with the order as entered, but these circumstances militate against *further* sanctions. For these reasons, I will deny the Trustee's request for an award of attorney's fees.

The Trustee seeks one further remedy, a denial of any claim of exemption as to the funds turned over. The Debtor has not claimed the funds as exempt and, in response to this motion, has indicated no intention of doing so or even of defending a prerogative to do so. It is doubtful that she even could, where she fraudulently did not disclose them in the first instance and where the Trustee has relied on the lack of a claim of exemption in expending time and money to recover these funds. The Trustee should not have been put through the effort that the Debtor's failure to comply necessitated, and it would be intolerable were those efforts now undercut by a late amendment to her claims of exemption. The Court will therefore enter the order requested.

4

In summary, the Court will, by separate order, deny attorney's fees but also, as a contempt sanction, foreclose any claim of exemption as to the monies turned over.

Date:  July 15, 2011

_____
Frank J. Bailey
Chief United States Bankruptcy Judge